**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KYLE MITCHELL ODOM,** | § | |
| **TDCJ No. 02448691,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. SA-25-CA-0018-FB** |
| | § | |
| **ERIC GUERRERO, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Kyle Mitchell Odom's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) and respondent Eric Guerrero's Answer (ECF No. 12) thereto. In his amended § 2254 petition, petitioner challenges the constitutionality of his 2023 state court conviction for aggravated assault, arguing that: (1) he received ineffective assistance from his trial counsel, (2) the evidence was insufficient to sustain his conviction, and (3) his right to a speedy trial was violated.

Having reviewed the record and pleadings submitted by both parties, the Court concludes petitioner is not entitled to relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

**I. Background**

In May 2023, a Bexar County jury convicted petitioner of one count of aggravated assault with a deadly weapon and sentenced him, as a habitual offender, to forty-five years of imprisonment. *State v. Odom*, No. 2021CR10757 (379th Dist. Ct., Bexar Cnty., Tex. May 11, 2023); (ECF No. 10-3 at 33-34). The Texas Thirteenth Court of Appeals affirmed petitioner's

conviction in an unpublished opinion on direct appeal. *Odom v. State*, No. 13-23-00298-CR, 2024 WL 46540 (Tex. App.–Corpus Christi-Edinburg, Jan. 4, 2024); (ECF No. 10-7). The Texas Court of Criminal Appeals then refused petitioner's petition for discretionary review. *Odom v. State*, No. PD-0112-24 (Tex. Crim. App. Mar. 13, 2024); (ECF No. 10-12).[1]

Thereafter, petitioner challenged the constitutionality of his conviction by filing an application for state habeas corpus relief. *Ex parte Odom*, No. 96,067-01 (Tex. Crim. App.); (ECF No. 10-33 at 4-21). Based, in part, on the findings of the state habeas trial court, the Texas Court of Criminal Appeals eventually denied the application without written order on January 15, 2025. (ECF No. 10-31). Less than a month later, petitioner initiated the instant federal proceedings by filing a petition for federal habeas relief. (ECF No. 1). The petition and amended petition that followed (ECF No. 6) both allege the three grounds for relief mentioned previously.

## II.  Standard of Review

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims

---

[1] *See also* http://www.research.txcourts.gov, search for "Odom, Kyle" last visited June 16, 2025.

already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

## III.  Analysis

### A.  Trial Counsel (Claim 1)

In his first claim for relief, petitioner argues he was denied the right to effective assistance of counsel at trial. Specifically, petitioner faults counsel for failing to present a medical expert to testify about the effects of methamphetamines. This allegation was raised

during petitioner's state habeas proceedings and rejected by the Texas Court of Criminal Appeals.[2]  As discussed below, petitioner fails to demonstrate the state court's rejection of the allegation was either contrary to, or an unreasonable application of, Supreme Court precedent.

      1.    The *Strickland* Standard

Sixth Amendment claims concerning the alleged ineffective assistance of trial counsel (IATC claims) are reviewed under the familiar two-prong test established in *Strickland*.  466 U.S. at 668.  Under *Strickland*, a petitioner cannot establish a violation of his Sixth Amendment right to counsel unless he demonstrates (1) counsel's performance was deficient and (2) this deficiency prejudiced his defense.  *Id*. at 687-88, 690.  According to the Supreme Court, "[s]urmounting *Strickland*'s high bar is never an easy task."  *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

When determining whether counsel performed deficiently, courts "must be highly deferential" to counsel's conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards.  *Strickland,* 466 U.S. at 687-89.  Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Burt v. Titlow*, 571 U.S. 12, 22 (2013) (quoting *Strickland*, 466 U.S. at 690).  To demonstrate prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  Under this prong, the

---

[2]

        Respondent argues that the allegation was not raised in petitioner's state habeas application and is therefore unexhausted and procedurally barred from federal habeas relief.  Indeed, the brief allegation raised in petitioner's amended petition is sparse and mentions only that trial counsel's legal work "fell below [the] minimum standard," a vague allegation not litigated in the state court.  (ECF No. 6 at 5).  But in his original petition, petitioner was a tad more specific, faulting counsel for failing to present the testimony of a medical expert.  (ECF No. 1 at 5).  This allegation was raised and litigated during petitioner's state habeas proceedings.  (ECF No. 10-33 at 9).  Given that *pro se* petitioners are given great leeway and their pleadings entitled to "the benefit of liberal construction," the Court concludes that petitioner's allegation was exhausted and not subject to procedural default.  *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reiterating that a document filed *pro se* is "to be liberally construed") (quotation omitted).

"likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112. A habeas petitioner has the burden of proving both prongs of the *Strickland* test. *Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

Finally, IATC claims are considered mixed questions of law and fact and are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated the IATC claim on the merits, a court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *See Woods v. Etherton*, 578 U.S. 113, 117 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)); *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009). In such cases, the "pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s standards," but whether "the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S at 101. That is to say, the question to be asked in this case is not whether counsel's actions were reasonable, but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. at 105.

2.    <u>Failure to Present an Expert Witness</u>

Assuming, as this Court does, that petitioner properly exhausted his IATC allegation in the state court, he still fails to demonstrate his entitlement to federal habeas corpus relief. Petitioner contends that counsel "did not provide a medical expert to give his/her professional testimony to give an account for the effects of methamphetamines [which] would have refuted the claims of said witnesses." (ECF No. 1 at 5). Other than this lone sentence, petitioner provides no argument or authority to support his claim for relief. For this reason alone, petitioner's first claim could be denied.

Under Rule 2(c) of the Rules Governing Section 2254 Cases, a petitioner is required to plead facts in support of his claims. Conclusory allegations do not state a claim for federal habeas corpus relief and are subject to summary dismissal. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (holding "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (same). Here, petitioner's allegation is conclusory, speculative, and unsupported by any evidence or facts. "Absent evidence in the record," however, this Court cannot "consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross*, 694 F.2d at 1011). Thus, habeas relief is unavailable because the claim is conclusory. *Ross*, 694 F.2d at 1011; *see also United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007) ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel.").

Regardless, petitioner raised an almost identical conclusory allegation in his state habeas application which was denied by the state habeas trial court. During this proceeding, trial counsel provided an affidavit responding to petitioner's allegation. (ECF No. 10-33 at 59). The state habeas trial court summarized the affidavit as follows:

1.    "I did not present 'qualified medical testimony' in support of [petitioner]'s trial defense because there were no issues or defenses requiring medical testimony. [Petitioner] steadfastly asserted that it was not he who shot the complainant, and that he was not present when the complainant was shot. His only defense was that it was not him who committed the act. There were no issues of diminished capacity or any other mental or physical component that would have required medical testimony. I can only surmise that [petitioner] has relied on the *Rylander* case, in which relief was granted because trial counsel failed to present qualified medical testimony for issues that were in fact raised as [a] trial defense . . . there was no such basis for the [introduction] of medical testimony in the instant case."

2.    "I do not know [how] to respond to [petitioner]'s statement that I committed a combination of other trial errors, without knowing specifically to which errors he refers."

*Id*. at 61.  The state habeas trial court found counsel's affidavit to be credible and concluded that petitioner did not meet his burden of proof under the first prong of the *Strickland* standard.  *Id*. at 61-62.  These findings and conclusions were ultimately adopted by the Texas Court of Criminal Appeals when it denied petitioner's state habeas application.  (ECF No. 10-31).  These determinations, including the trial court's credibility findings, are entitled to a presumption of correctness unless they lack fair support in the record.  *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Miller v. Thaler*, 714 F.3d 897, 903 (5th Cir. 2013).

Petitioner presents no evidence or persuasive argument to rebut the state courts' factual findings.  Such unsupported claims, particularly regarding uncalled expert witnesses, "are speculative and disfavored by this Court as grounds for demonstrating ineffective assistance of counsel."  *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).  To prevail on an IATC claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate the witness was available to testify, delineate the content of the witness's proposed testimony, and show the testimony would have been favorable to the defense.  *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007).

In his first claim, petitioner laments that the jury never heard from a medical expert regarding the effects of methamphetamine use.  (ECF No. 1 at 5).  Yet, even assuming this proposed testimony would have been favorable to his defense, petitioner has brought forth no evidence or affidavits from any expert to support his IATC claim.  *Evans*, 285 F.3d at 377 (providing petitioner must "bring forth" evidence, such as affidavits, from uncalled witnesses, including expert witnesses, in support of an IATC claim).  In fact, petitioner has not even

7

provided the name of a witness who would testify in this manner, much less establish the witness was willing and able to testify at the time of petitioner's trial. For this reason, petitioner has not shown counsel's performance was deficient under *Strickland*.

In sum, trial counsel's state habeas affidavit—adopted by the state habeas trial court and ultimately by the Texas Court of Criminal Appeals—contradicted petitioner's assertion that medical testimony would have been helpful to the defense. Petitioner's conclusory arguments do not show that counsel's recollection was incorrect. *Demik*, 489 F.3d at 646 ("[C]onclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel."). Nor do they demonstrate that state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103. Consequently, petitioner's claim for relief is denied.

**B.    Exhaustion and Procedural Default (Claims 2 and 3)**

Petitioner next argues that the evidence was insufficient to sustain his conviction (Claim 2) and that his right to a speedy trial was violated (Claim 3). In his Answer, respondent argues that both claims should be dismissed with prejudice under the procedural default doctrine because the claims are being presented for the first time in this proceeding. After careful consideration of the record and pleadings provided by both parties, the Court concludes that the allegations are indeed unexhausted and procedurally barred from federal habeas corpus relief.

1.    Exhaustion

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. *See* 28 U.S.C. § 2254(b)(1)(A) (stating that habeas corpus relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the

State.").  The exhaustion requirement is satisfied if the substance of the federal habeas claim was presented to the highest state court in a procedurally proper manner.  *Baldwin v. Reese*, 541 U.S. 27, 29-32 (2004); *Moore v. Cain*, 298 F.3d 361, 364 (5th Cir. 2002).  In Texas, the highest state court for criminal matters is the Texas Court of Criminal Appeals, and a prisoner must present the substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or an application for writ of habeas corpus under Texas Code of Criminal Procedure Article 11.07.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Bautista v. McCotter,* 793 F.2d 109, 110 (5th Cir. 1986).

In the instant case, petitioner did not raise Claims 2 and 3 from his amended federal petition in either his petition for discretionary review (ECF No. 10-18) or in his application for state postconviction relief (ECF No. 10-33 at 4-21).  As such, petitioner has not yet presented the claims in a procedurally proper manner to the state's highest court.  He also has made no attempt to show any exception to the exhaustion requirement applies.  *See Mercadel v. Cain*, 179 F.3d 271, 277 (5th Cir. 1999) (noting futility and/or lack of an available remedy in state court as recognized exceptions to the exhaustion doctrine).  Because these allegations are being presented for the first time in this federal habeas proceeding, they are unexhausted under § 2254(b).

    2.    Procedural Default

Because petitioner's unexhausted claims have not been reviewed by the state court, they are also now subject to the procedural default doctrine in federal court.  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (finding unexhausted claims may be procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.").

Here, should this Court now require petitioner to return to state court to satisfy the exhaustion requirement, the Texas Court of Criminal Appeals would find the claims procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure because petitioner already challenged his conviction in a previous state habeas application.  Since Texas would likely bar another habeas corpus application by petitioner regarding this conviction, he has committed a procedural default that is sufficient to bar federal habeas corpus review.  *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (finding a procedural default occurs "when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.") (citation and internal quotation marks omitted); *see also Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred).

Consequently, petitioner is precluded from federal habeas relief on the unexhausted claims unless he can show cause for the default and resulting prejudice, or demonstrate that the Court's failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750-51 (1991); *Busby v. Dretke,* 359 F.3d 708, 718 (5th Cir. 2004).  But petitioner does not argue that cause and prejudice should excuse the default, nor does he demonstrate that the Court's denial of the claims will result in a "fundamental miscarriage of justice."  Thus, circuit precedent compels the denial of petitioner's unexhausted claims (Claims 2 and 3) as procedurally defaulted.

## IV.  Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA).  *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.  The Court is authorized to address the propriety of granting a COA *sua sponte*.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).

After thoroughly reviewing the record and applicable law, the Court concludes that reasonable jurists would agree petitioner's claims for habeas relief do not satisfy the standard for obtaining a COA.  Petitioner has failed to make a substantial showing of the denial of a federal right or demonstrate that reasonable jurists could debate whether his petition should be resolved in a different manner.  Accordingly, a COA will not issue.

### V.  <u>Conclusion and Order</u>

After careful consideration, the Court concludes that petitioner's Claims 2 and 3 are unexhausted and procedurally barred from federal habeas review.   Concerning petitioner's remaining allegation, Claim 1, petitioner has failed to establish that the state court's rejection of the allegation on the merits during his state habeas corpus proceeding was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in petitioner's state trial, appellate, and habeas corpus proceedings.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.     Federal habeas corpus relief is **DENIED** and petitioner Kyle Mitchell Odom's Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 6) is **DISMISSED WITH PREJUDICE**;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 17th day of June, 2025.


FRED BIERY
UNITED STATES DISTRICT JUDGE